**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

KATHALINA MONACELLI,

            **Plaintiff,**

-vs-                                        Case No.   2:08-cv-819-FtM-29DNF

**HEARTLAND EDUCATIONAL
CONSORTIUM, HENDRY COUNTY
EDUCATION ASSOCIATION, HENDRY
COUNTY SCHOOL BOARD, LABELLE
HIGH SCHOOL, DANIEL GILBERTSON,
LUCINDA KELLY, and JANE HATFIELD,**

            **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      On October 24, 2008, the Plaintiff filed a Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency (Doc. 2). The Plaintiff is requesting leave to proceed without the prepayment of filing fees. The Court reviewed the Plaintiff's initial Complaint (Doc. 1) and entered an Order (Doc. 4) on November 7, 2008 requiring the Plaintiff to file an Amended Complaint. She failed to file the Amended Complaint. In the Order, the Court cautioned the Plaintiff that if she failed to file an Amended Complaint within the time provided, the Court would recommend that her action be dismissed.

      The Court explained in its prior Order that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or

malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915.

In the Complaint, the Plaintiff claims that she is filing an employment discrimination action under Title VII, the General Education Provisions Act, the Sherman Antitrust Act, and the Federal Trade Commission Act. She claims that the suit is concerning: failure to employ her; stopping her from having other employment; prohibiting her from "equal educational access to meaningful employment"; "[r]elocation of administrative funds to individuals without qualifications to teach"; "prohibiting the contractual necessity in order to gain employability within the educational community"; providing unqualified individuals with employment; and "[d]eprivation of rights for employment in the educational community". (Complaint, Doc. 1, p. 3). The Plaintiff then asserts that the Defendant's conduct was discriminatory with regard to her religion, national origin, gender, and disability.

The Plaintiff has failed to state a cause of action upon which relief may be granted. The Plaintiff has no direct evidence of discrimination and is attempting to allege circumstantial evidence. See, *Davis v. NPC Pizza Hut*, 226 Fed.Appx. 890, 891 (11th Cir. 2007). When the claim is based upon circumstantial evidence, the court evaluates the claim under the *McDonnell Douglas* burden shifting approach. *Id*. (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-4 (1973)). The Plaintiff has the burden to show "'(1) that she was a member of a protected class, (2) that she was qualified for the job, (3) that she suffered an adverse employment action, and (4) that she was displaced by someone outside the protected class.'" *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000), and see, *Davis v. NPC Pizza Hut,* 226 Fed.Appx. at 891). If a plaintiff meets her burden, then the burden shifts to the employer "'to articulate some legitimate, nondiscriminatory

reason' for its employment action." *Davis v. NPC Pizza Hut*, 226 Fed.Appx. at 891 (citing *McDonnell Douglas*, 411 U.S. at 802). The Plaintiff has failed to allege the elements of discrimination. In addition, the Plaintiff failed to allege facts sufficient to establish a claim under the General Education Provisions Act, the Sherman Antitrust Act, and the Federal Trade Commission Act. Further, the Plaintiff did not comply with the Order (Doc. 4) dated November 7, 2008, requiring her to file an Amended Complaint.

Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis*/ Affidavit of Indigency (Doc. 2) be denied and this action be dismissed for failure to state a claim upon which relief may be granted and for failure to comply with an Order of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __11th__ day of December, 2008.

                                                  DOUGLAS N. FRAZIER
                                                  UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record